USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :

UNITED STATES OF AMERICA,              :

                                                              :

                          -v-                       :                      1: 17-cr-290-GHW

                                                               :

JESUS ANDINO,                                   :                      <u>ORDER</u>

                                                               :

                                    Defendant.  :

                                                               :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On April 23, 2020, the Court received a letter from Mr. Jesus Andino. In his letter, Mr. Andino requests that the Court order him released on compassionate release in connection with the COVID-19 pandemic. In support of his application, Mr. Andino states that his "release is warranted to avoid confinement in L.S.C. Allenwood and that social distancing is difficult there because of the open door setting." The Court sentenced Mr. Andino to 72 months imprisonment on January 23, 2019, after Mr. Andino had pleaded guilty to the offense of conspiracy to distribute and possess with intent to distribute 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846—a crime mandating a five year term of imprisonment. Mr. Andino was 34 years old at the time of his sentencing. The Court noted at the time that Mr. Andino was blessed with good physical health. Sentencing Transcript, Dkt. No. 468, at 18:3. He had no underlying health conditions.

       The Court must deny the application at this time because it is not apparent from Mr. Andino's letter that he has taken the steps necessary to obtain the relief that he is requesting pursuant to the governing statute. Motions for compassionate release are governed by 18 U.S.C. §

3582(c)(1)(A). Under the statute, an inmate must satisfy certain preconditions before bringing a motion for compassionate release to the Court. In particular, an inmate must make a request to the warden of his facility to bring a compassionate release on his behalf before requesting relief from the Court. *Id.* ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ."). Mr. Andino's application mentions an exception to the exhaustion requirement, but the Court does not believe that the statute permits such an exception. The statute provides that the Court "may not" modify a term of imprisonment once it has been imposed unless the stated conditions are satisfied. The Court understands this clear and unmistakable mandate from Congress to prohibit the Court from granting this relief in situations where the statutory preconditions have not been satisfied.

Therefore, in order for Mr. Andino to move this Court for compassionate release, he must first apply to the warden of his facility, requesting that the Bureau of Prisons make an application for compassionate release on his behalf. In the event that the BOP does not respond to the application within 30 days, the statute then permits Mr. Andino to make an application to the Court. The Court requests that in any subsequent application, Mr. Andino provide information regarding when and how he requested the warden of his facility to move for compassionate release on his behalf.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Quinones.

SO ORDERED.

Dated: April 25, 2020

_____
GREGORY H. WOODS
United States District Judge